IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BNSF RAILWAY COMPANY

      Plaintiff/Counter-Defendant,

                                    No:       CV 09-0733 MV/WDS

v.

ROY D. MERCER, LLC

      Defendant/Counter-Plaintiff/Third-
Party Plaintiff

v.

GANDY DANCER, LLC

      Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**

      THIS MATTER comes before the Court on Defendant Mercer's Motion for Remand,

filed August 28, 2009 (Doc. 15).  The Court has reviewed the motions, the memorandum and

exhibits submitted by the parties, and the relevant authorities.  The Court concludes that the

motion to remand must be **GRANTED**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

      This case involves a dispute over the validity of an easement allegedly held by

Plaintiff/Counter-Defendant BNSF Railway Company ("BNSF") over land owned by Defendant/

Counter-Plaintiff/Third-Party Plaintiff Mercer.  Both parties agree that there was an unusually

heavy rainfall in Summer 2006 that resulted in flooding of a railroad track and roadbed owned

1

by BNSF.  BNSF hired Third-Party Defendant Dancer to enter Defendant Mercer's property and construct a levy/dike to prevent flooding on BNSF's property.  In November, 2006 Defendant informed Plaintiff that it believed it had an actionable trespass claim, and the two parties sought to resolve the dispute through negotiation.  These attempts lasted for approximately a year and eight months without resolution, and Plaintiff BNSF subsequently filed an action in New Mexico State Court on June 2, 2008, seeking injunctive relief (to prevent removal of the levy/dike), and declaratory judgment (seeking a finding that a valid easement exists), and also claiming damages under theories of negligence and nuisance (which it subsequently dropped in its Amended Complaint).  On September 15, 2008 Defendant Mercer filed its Answer and Counterclaim against Plaintiff.  On June 26, 2009 Defendant Mercer filed a Second Amended Counterclaim and a Third-Party Claim against Third-Party Defendant Dancer.  On July 27, 2009, Third-Party Defendant Dancer filed a Notice of Removal, in which it stated that removal was proper because a "federal question" was raised in Count II of the Third-Party Complaint.  On August 28, 2009, Defendant Mercer filed a Motion for Remand, which is opposed by Third-Party Defendant Dancer and by Plaintiff BNSF and is at issue before us.

Defendant Mercer seeks remand and argues that removal was improper because, although the Tenth Circuit has not ruled directly on the issue, the majority view is that a third-party defendant cannot seek removal.  Third-Party Defendant Dancer and Plaintiff BNSF respond that they should be re-characterized as Defendants, and that Defendant Mercer should be re-characterized as the Plaintiff.  Third-Party Defendant Dancer and Plaintiff BNSF also argue that, although not stated in the Complaint, this controversy involves federal law questions and therefore federal jurisdiction is proper.  Defendant Mercer's counterclaim against Plaintiff BNSF

alleges state law claims and was filed in state court; however, Third-Party Defendant Dancer argues that jurisdiction in federal court is proper because Mercer's Third-Party Complaint notes in Count II, in support of its negligence per se claim, that Third-Party Defendant Dancer failed to obtain permits required under federal statutes before building the levy/dike at issue.  *See* Doc. 44, p. 17.  Third-Party Defendant Dancer and Plaintiff BSNF also argue that federal statutes and regulations so occupy the field of railway transportation and operation that state law claims are preempted.

II. MOTIONS TO REMOVE - ISSUE OF CONSENT

This Court is persuaded to remand in part because Defendant Mercer has not consented to removal.   It is well established by caselaw that removal is a jointly-held right and that all defendants that have been served must join in removal in writing.  *See Harlow Aircraft Mfg. v. Dayton Mach. Tool Co.*, 2005 U.S. Dist. LEXIS 10180 at *6 (D. Kan. 2005); *citing McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997); *see also 16-107 Moore's Federal Practice - Civil § 107.11; quoted by Trujillo v. Reynolds*, 2008 U.S. Dist. LEXIS 42378 at *9 (D.N.M. 2008).  Courts in the Tenth Circuit have even interpreted this procedural requirement to include co-defendants.  *See Trujillo* at *9 (D.N.M. 2008); *citing Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). Generally, "[f]ailure to follow the unanimity rule renders the petition procedurally defective and justifies remand to state court."  *Id.*  28 USCS § 1447(c) specifically states that federal district courts may remand where there has been a defect in removal procedure.  *See King v. Ziegler*, 138 Fed. Appx. 60, 61 (10th Cir. 2005); *quoting Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001);  *see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 755-56 (10th Cir. 2004) ("because federal removal

3

jurisdiction is statutory in nature, it is strictly construed . . . All doubts are to be resolved against

removal"; *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61

S. Ct. 868 (1941); *also citing Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.

1982)).  Here, Defendant Mercer is the original defendant in the case, and does not consent to

removal.  Therefore, when considering this defect with that of the substantive issues discussed

below, this Court determines that the case must be remanded.

III.  THE MAJORITY VIEW IS THAT THIRD PARTY DEFENDANTS DO NOT HAVE
      THE RIGHT TO REMOVE TO FEDERAL COURT

      Defendant Mercer argues that this case was improperly removed under 28 U.S.C. 1441(a)

because third-party defendants cannot remove under 1441(a).  In its notice of removal, Third-

Party Defendant Dancer does not specify whether it is removing pursuant to 1441(a) or 1441(c),[1]

but the majority view is that third-party removal is improper under either; Third-Party Defendant

Dancer and Plaintiff BNSF argue that third-party removal has been permitted in a minority of

jurisdictions (the Tenth Circuit not being one of them), and that this Court should follow the

minority view, or recast Plaintiff BNSF and Third-Party Defendant Dancer as defendants, *see

infra*.

      The majority view in federal courts in the U.S. is that third-party defendants cannot

remove, as they are not considered 'defendants'.  *See Trujillo* at *10-11 (D.N.M. 2008); *citing* J.

---

    [1] A civil action brought in state court may be removed to federal court by a defendant
under §1441(a) if the federal court would have had original jurisdiction to entertain the action, or
under §1441(c) where "a separate or independent claim or cause of action" under §1331 is joined
with an otherwise nonremovable cause of action, the district court *may* exercise jurisdiction over
the entire case, or may remand those matters in which State law dominates, in its discretion.  *See*
28 U.S.C. §1441(a), (c).  *See also Ysais v. Ysais*, 1008 U.S. Dist. LEXIS 109741 at *1 (2008).

Moore, supra § 107.11[1][b][iv], at 107-34-35; *additional citations omitted.* The Tenth Circuit has not directly ruled on the issue of whether third-party defendants can remove. However, sister district courts within the Tenth Circuit have followed the majority view that third parties may not remove. *See Wiatt v. State Farm Insurance Companies, et. al.*, 560 F. Supp. 2d 1068, 1076 (D.N.M. 2007); *citing NCO Fin. Sys., Inc. v. Yari*, 422 F. Supp. 2d 1237, 1239-40 (D. Colo. 2006); (*additional citations omitted*).

As stated in *NCO Fin. Sys. v. Yari*, "[a]lthough [Third-Party Defendant] cites several cases from outside this circuit permitting third-party removal, this Court finds that the better view and the one consistent with related Tenth Circuit Court precedent is that third-party removal is impermissible under 28 U.S.C. § 1441(c). There is a presumption against removal jurisdiction, and removal statutes are to be narrowly construed . . . If there is ambiguity as to whether removal is appropriate, a court must adopt a 'reasonable, narrow construction' . . . The Court's holding comports with the approach taken by another district court in this circuit and with the majority view nationwide." 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006); *citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863, 116 S. Ct. 174, 133 L. Ed. 2d 114 (1995); *also citing Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).[2]

---

[2] Indeed, the *NCO* Court stated that "The Court does not find that the lack of Tenth Circuit precedent on point creates great difficulty in deciding the issue. Looking to a sister district in this circuit (bound like this Court to interpret how the circuit would resolve the issue), that court has routinely remanded cases removed by third-party defendants." 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006); *citing Menninger Clinic Clinic Inc. v. Schilly*, No. 92-4104, 1992 U.S. Dist. LEXIS 18880, 1992 WL 373927, at *1-2 (D. Kan. 1992); *also citing Radio Shack Franchise Dept., Div. of Tandy Corp. v. Williams*, 804 F. Supp. 151, 153 (D. Kan. 1992); *also citing Elkhart Co-Op Equity Exch. v. Day*, 716 F. Supp. 1384- 1387 (D. Kan. 1989).

Further, sister courts in this circuit have expressly stated that 1441(c) does not permit removal by third-party defendants:

> Although § 1441(c) does not expressly limit removal to "defendants," as § 1441(a) does, this difference does not suggest that Congress intended to permit a third-party defendant to remove an otherwise non-removable case to federal court. Federal courts determine the existence or absence of a federal question based on the allegations of the complaint. Federal question jurisdiction may not be premised on the plaintiff's anticipation that a defendant may rely on a federal defense or the defendant's assertion of a federal defense or counterclaim . . . By its nature, third-party claims arise after the original case is already on file and, if cases were removable based on third-party claims, a defendant could interject a federal claim into a case to create federal question jurisdiction where none existed. This is not within the spirit of the well-pleaded complaint rule or the removal statutes, and such a broad interpretation of § 1441(c) would be inconsistent with Tenth Circuit precedent. Therefore, the Court finds that a third-party defendant may not remove a case to federal court based solely on a federal question claim alleged in a third-party complaint.

*Oklahoma v. 1983 Porsche*, 2008 U.S. Dist. LEXIS 80667, 11-13 (N.D. Okla. 2008); *citing NCO* at 1239-40; *also citing Radio Shack* at 153 (D. Kan. 1992); *also citing Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

Even if this jurisdiction *were* to recognize the right of a Third-Party defendant to remove, Third-Party Defendant Dancer would run into another roadblock, which is that "even those courts recognizing a third-party defendant's right to remove actions have permitted such removal *only where the third-party claims are separate and independent of the main claim.*" (emphasis added), *Charles Andrews, et. al. v. Electric Motor Systems, Inc.*, 767 F. Supp. 853, 1991 U.S. Dist. LEXIS 9635 (So. Dist. Ohio 1991). Third-Party Defendant Dancer argues that its claim *is* separate and independent from the main claim, and that it should be realigned as a defendant, but we find this argument to be without merit, *see infra.*

IV.  WHETHER PLAINTIFF AND THIRD-PARTY DANCER SHOULD BE RECLASSIFIED
     AS DEFENDANTS

In its Notice of Removal, Third-Party Defendant Dancer states that it is not a true Third-Party Defendant under the Federal Rules of Civil Procedure.  *See* Doc. 2, para. 4.

A third-party defendant is defined in Fed. R. Civ. P. R. 14(a), which states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Third-Party Defendant Dancer argues that it is not appropriately designated a Third-Party Defendant to this case because its liability is not dependent on the outcome of the main claim, and it is not secondarily liable to Defendant Mercer.  *See* Doc. 20, p. 19.  Third-Party Defendant Dancer relies on two cases, *Alltech Communications, LLC v. Brothers*, 601 F. Supp. 2d 1255, 1259-60 (N.D. Okla. 2008) and *Wiatt*, *supra*, at 1074, to support its argument that the claim against it is independent of the main complaint.  However, each of these cases simply stand for the general rule that a third-party claim  cannot simply involve the same transaction or set of facts but must be dependent in some way upon the outcome of the main complaint or when the third-party is *secondarily liable* to defendant.  *See Wiatt* at 1074; *quoting FDIC v. Bathgate*, 27 F.3d 850, 873 (3ʳᵈ Cir. 1994); *in turn citing* C. Wright, A. Miller, M. Kane, Federal Practice and Procedure, Vol. 6, 1446, at 355-58 (1990).

Third-Party Defendant Dancer states in its removal notice that "the claims asserted against [Dancer] by [Defendant Mercer] are more correctly deemed to be those direct, separate and distinct claims as filed by a 'plaintiff' as opposed to a derivative or contingent claim".  (Doc. 2, para. 4).  However, Third-Party Dancer does not give any persuasive authority for why its claim should be considered separate and independent of the main claim.  On the contrary, it

appears very clear that the claim against Third-Party Dancer arises from the same events which are the basis of the main claim - a flooding, an entrance onto Defendant Mercer's property, the building of a levy/dike, the right to do so under a disputed easement, a breakdown in ensuing negotiations, and a threat by Defendant Mercer that it would remove the levy. Third-Party Defendant Dancer has failed to articulate how the claim against it is separate and independent, and this Court is at a loss to imagine any scenario that would classify it as such.

In the present case, the main complaint requests injunctive relief and a ruling that a valid easement in favor of Plaintiff BNSF exists. The Third-Party Complaint asserts negligence, negligence per se, nuisance (focused on interference with Mercer's enjoyment of its property), unfair trade practices (deception as to the validity of the easement), trespass, deprivation of property value and punitive damages. These are largely dependent on the main claim, because they center around the issue of whether there was a valid easement in place at the time Third-Party Defendant Dancer entered onto Defendant/Third-Party Plaintiff Mercer's property. In addition, if Defendant Mercer were found to be liable for negligence and nuisance under the main complaint for failing to properly maintain its property such that damage to Plaintiff BNSF's property occurred, this liability would directly impact the liability of Third-Party Defendant Dancer.[3] It seems clear to this Court that all claims filed in this controversy are derivative of and dependent on the results of the main claim, and arise out of the same

---

[3]  *See Edgcomb v. Lower Valley Power & Light*, 922 P.2d 850, 854 (Wyo. 1996) (where an easement was valid, there was no trespass or nuisance by a utility); *see also Stramel v. Bishop, 28 Kan. App.* 2d 262, 266 (Kan. Ct. App. 2000) (because there was a prescriptive easement, there was no trespass); *see also Fisher v. Va. Elec. & Power Co.*, 243 F. Supp. 2d 538, 548-549 (E.D. Va. 2003) ("if the grant of easement allows such a use, there is no trespass"); *see also Sandy v. Rataiczak*, 2008 Ohio 6212, P10 (Ohio Ct. App., Noble County Nov. 25, 2008) (where Appellee had permission to use an existing easement there was no trespass).

transaction, occurrences and issues, and as such Third-Party Defendant Dancer is properly categorized as a Third-Party Defendant.  Therefore, even under the minority view that removal by a third-party defendant may be permissible where the claims against that defendant are separate and independent, this case would not be removable.

Plaintiff BNSF urges this Court to realign parties and cites several cases (only one of which is in this district) that state that parties may be realigned for purposes of removal by diversity jurisdiction where the court believes that the realignment reflects the true nature of the parties' stances in the controversy, and there was a fraudulent joining for the purposes of defeating removal based on diversity jurisdiction.  We do not have that issue here.[4]

V.  LIMITED FEDERAL COURT JURISDICTION AND MOTIONS TO REMAND

A. Limited Jurisdiction of Federal Courts

Federal courts are courts of limited jurisdiction, therefore the law imposes a presumption against federal jurisdiction.[5]  The Tenth Circuit has held that the federal question must be present on the face of the complaint, unaided by the answer or petition for removal, and must be essential to the complaint.  *See Madsen v. Prudential Federal Savings & Loan Ass'n.*, 635 F.2d 797, 800 (10th Cir. 1980); *citing Gully v. First National Bank*, 299 U.S. 109, 113, 57 S. Ct. 96, 81 L. Ed. 70 (1936)).  There is a presumption against removal - federal removal jurisdiction is

---

[4]  We do not have the issue of removal by diversity jurisdiction in this case.  Firstly, the Notice of Removal does *not* cite 28 U.S.C. 1332, under which state actions may be removed to federal court due to diversity of citizenship.  Paragraph No. 5 of the Notice of Removal *does* state that the amount in controversy exceeds $75,000; however, nowhere in the text does the Notice state that removal is based on diversity, nor does it state that diverse citizenship exists.

[5]  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *cited by Martinez v. Martinez*, 62 Fed. Appx. 309, 313 (10th Cir. 2003).

statutory in nature and is to be strictly construed.  Therefore, doubtful cases must be resolved in favor of remand and courts must deny such jurisdiction if not affirmatively apparent on the record.  *See Okla. Farm Bureau Mutual Ins. Co. v. JSSJ Corp.*, 149 F. Appx. 775, 778 (10th Cir. 2005); *see also Archuleta v. Lacuesta*, 1996 U.S. Dist. LEXIS 21751, No. 6:95-CV-1274 at *4 (D.N.M. 1996); *citing Shamrock Oil* at 108 (S. Ct. 1941); *see also Laughlin* at 873 (10th Cir. 1995); *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 755-56 (10th Cir. 2004); *see also Fajen* at 333 (10th Cir. 1982); *see also Bonadeo v. Lujan*, 2009 U.S. Dist. LEXIS 45672 at *20 (D.N.M. 2009); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 174, 133 L. Ed. 2d 114 (1995) ("Subject-matter jurisdiction, then . . . functions as a restriction on federal power.").

In addition, a Plaintiff's original choice of forums should be given deference - unless there is a compelling reason to grant removal, the presumption should be against removal.  *See Archuleta* at *7; *See also William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *see also Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *see also Fajen* at 333 (10th Cir. 1982).

B.  BURDEN OF DEMONSTRATING REMOVAL IS APPROPRIATE

It is well established, in the Tenth Circuit and elsewhere, that the burden of showing that removal is proper procedurally and substantively lies with the removing party.  *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921); *see also Laughlin* at 873 (10th Cir. 1995); *see also Port City Properties v. Alpine Properties LLC*, 518 F.3d 1186, 1189 (10th Cir. 2008); *citing Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Further, removal statutes are to be strictly construed, and any ambiguities or doubt as to fulfillment of those removal requirements should lead to remand.  *See Fajen* at 333 (10th Cir. 1982); *see also Roybal v. City of Albuquerque*, 2008 U.S. Dist. LEXIS 108749 at *5-*6 (D.N.M. 2008);  *see also Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957), *cert. denied* 355 U.S. 907, 78 S. Ct. 334, 2 L. Ed. 2d 262 (1957).

## C.  ANALYSIS

In the current case the complaint and amended complaints filed by Plaintiff BNSF do not cite federal statutes or regulations.  Third-Party Defendant Dancer points out that Defendant Mercer's Third-Party Complaint makes reference to two federal statutes in its negligence per se claim.  *See fn.* 6 *and* Count II of the Third-Party Complaint (paras. 21 & 22).  However, these references are not made on the face of the original complaint, and even if they were, they are not invoking a substantial federal question, but rather using federal statutes to support a state law allegation of negligence per se.  As stated by this Court, "'[t]he Supreme Court . . . has emphasized that a defendant cannot manufacture grounds for removal by 'ignoring the set of facts . . . presented by [the plaintiffs], along with their legal characterization of those facts, and arguing that there are different facts [the plaintiffs] might have alleged that would have constituted a federal claim.'" *Bar J Sand and Gravel, Inc. v. Western Mobile New Mexico, Inc., et. al.*, 2005 U.S. LEXIS 39142 at *28 (D.N.M. 2005); *citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396-97, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

## VI.  FEDERAL JURISDICTION - SUBJECT MATTER JURISDICTION

These statutory removal provisions have been interpreted such that a district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 442, 103 S. Ct. 2841, 2855 (1983).  A state law claim which *necessarily* raises a federal issue, stated on the complaint, that is actually disputed *and substantial* will support removal.  *See Grable & Sons*, 545 U.S. 308, *313; 125 S. Ct. 2363, **2368; 162 L. Ed. 2d 257, ***265 (2005).

A.  WHERE AN ORIGINAL FEDERAL QUESTION IS NOT STIPULATED IN THE COMPLAINT BUT NONETHELESS "ARISES" UNDER § 1331

Once a claim is determined to "arise" under § 1331 and subject matter jurisdiction may therefore be appropriate, a controversy must still meet the *substantial federal question* test if a federal court is to be the appropriate forum.  *See* 15-103 Moore's Federal Practice - Civil § 103.33, vol. 15, Chap. 3; *see also Grable*,   545 U.S. 308, *313; 125 S. Ct. 2363, **2368; 162 L. Ed. 2d 257, ***265 (2005) (the raising of a 'federal issue' is not "a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.")

Although Plaintiff's complaint very clearly does not name any federal causes of action, Third-Party Defendant Dancer argues that because Defendant Mercer makes reference to federal statutes in Count II of its Third-Party Complaint, the claim therefore "arises"  under § 1331.[6]

---

[6]  Specifically, paragraphs 21 & 22 of Mercer's Third-Party Complaint state "[t]hat the United States Department of Environmental Protection Agency and/or Environment Department and/or other federal and/or state agencies and/or federal laws, state laws had in effect rules and regulations which required Gandy Dancer to obtain the appropriate permits with federal and state

Assuming that this is true, jurisdiction still fails because Third-Party Defendant Dancer has failed to successfully argue that the controversy at hand deals with a substantial question of federal law.

Defendant cites *Nicodemus v. Union Pac. Corp*., which is distinguishable from the current case.  In *Nicodemus*, the Plaintiff claimed damages resulting from the defendant railroad's unilateral and unauthorized expansion of easement rights granted to them under a federal land grant statute, and had to establish that the federal land grants in question prohibited the method of usage by defendants of right-of-ways established by the federal statutes in order to succeed in their claims.  Because plaintiffs had to establish that the right-of-ways prohibited the use to which they were put, the court found that the federal issue arose in plaintiffs' case-in-chief, not by way of defense.   Further, construction of the federal land grants was the only legal or factual issue contested in the case.

In the current case Plaintiff is not contesting an action by defendants which allegedly exceeds authority granted under and arising wholly out of a *federal statute*, but rather an alleged *contractual* easement between private parties.  The easement, the current validity of which is disputed, plainly indicates that it is a contract between the Middle Rio Grande Conservancy District, which was created under New Mexico state law, and a private company based out of

---

agencies prior to performing the work in question, which, upon information and belief, Gandy Dancer failed to obtain the appropriate and necessary permits and approvals from the appropriate federal and/or state agencies prior to proceeding with the construction of the water diversion and levy project, which includes the permitting and approval process as required pursuant to the National Pollutant Discharge Elimination Systems (NPDES) and failure to apply, receive and/or obtain the appropriate Discharge Permit in violation under the rules and regulations in effect at the time of the work performed by Gandy Dancer as described herein [and] [t]hat Gandy Dancer was negligent per se in violating federal and/or state laws in effect at the time of the construction project that was constructed on Mercer's property."  (Doc. 44, p. 21, paras. 21 & 22).

Kansas, The Atchison, Topeka and Santa Fe Railway Company.  *See Third-Party Def.'s Ex. A* (Doc. 20).  Thus, in the current case, the easement in question was not conferred by federal statute, as was the case in *Nicodemus*.  Third-Party Defendant makes a brief acknowledgment of this fact ("Although a federal land grant statute is not directly at issue in this case," *See Third-Party Def.'s Ex. A*), but implies that the 1936 easement, contracted between private parties, is somehow authorized under the Interstate Commerce Commission Termination Act ("ICCTA") (codified generally under U.S.C. Title 49). There is no evidence on record supporting this assertion, and the burden is on the removing party to provide evidence supporting removal. Further, Third-Party Defendant's repeated references to Defendant Mercer's Third-Party Complaint are misleading.  Whether a federal question is stated on the face of the main complaint is the issue, and there was no federal question stated in the complaint in this case. Even if we took Mercer's Third-Party Complaint as the main complaint, as Plaintiff BNSF and Third-Party Defendant Dancer urge us to do, the very brief reference to permits required by state and federal pollution laws does not amount to a substantial federal question, and is in fact only a very general statement that Third-Party Defendant did not obtain permits required by law before beginning construction, and thus was negligent per se.

Indeed, the arising of a claim due to a substantial question of federal law, where a federal claim was not specified in the complaint, has been interpreted very narrowly by the Supreme Court.  *See Colbert* at 1245 (D. Kan. 2007): "If 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily *depends* on resolution of a substantial question of federal law,' then it 'arises' under federal law within the meaning of 28 U.S.C. § 1331 . . . The United States Supreme Court has characterized this basis

for jurisdiction as a 'special and small category'" (*emphasis added*); *quoting* 28 U.S.C. § 1331; *citing Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 547 U.S. 677, 690 & 699, 126 S. Ct. 2121, 2131 & 2136, 165 L. Ed. 2d 131, 135 & 149 (2006).

   B.  THE WELL-PLEADED COMPLAINT RULE

   Generally, the failure to assert federal jurisdiction on the face of a well-pleaded complaint precludes exercise of federal-question jurisdiction.  This is called the well-pleaded complaint rule.  *See Vaden v. Discover Bank*,  129 S. Ct. 1262, 173 L. Ed. 2d 206, 216, 2009 U.S. LEXIS 1781, ***14-15 (2009); *see also Hunter v. Canadian Pacific Railway Limited*, 2007 U.S. Dist. LEXIS 85110 at *6 (D. Minn. 2007); *see also Caterpillar, Inc.* at 392 (1987).

   Where the complaint does not specifically say that a federal question exists, federal court jurisdiction may still be appropriate *only if* the plaintiff's right to relief must *necessarily depend* on the resolution of a *substantial* question of federal law.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, *80-8, 108 S. Ct. 2166, **2173-74, 100 L. Ed. 2d 811, **825 (1988).  *See also Vaden* at 1272 (S. Ct. 2009); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).

   Even where a federal defense is anticipated, almost certain to arise, or even where both parties concede that it is "the only question at issue," removal is not appropriate if the federal question does not appear on the face of the complaint.  *See Vaden* at 1272; *citing and quoting Louisville & Nashville R. Co.* at 152 (1908)); *see also Madsen* at 801 (10th Cir. 1980); *citing Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663, 81 S. Ct. 1303, 1307, 6 L. Ed. 2d 584 (1961); *see also Seneca Nursing Home v. Kansas State Board of Social Welfare*, 490 F.2d 1324, 1328 (10th Cir. 1974), *cert. denied*, 419 U.S. 841, 95 S. Ct. 72, 42 L. Ed. 2d 69

(1974); *see also Hunter v. Canadian Pacific Railway Limited*, 2007 U.S. Dist. LEXIS 85110 at *6 (D. Minn. 2007).

The federal question must be disclosed on the face of the original complaint, unaided by any additional pleadings.  *See Fajen* at 333 (10th Cir. 1982); *See also Madsen v. Prudential Fed. S&L Ass'n*, 635 F.2d 797, 801 (10th Cir. 1980); *citing Pan American Petroleum Corp.* at 663 (1961); *Seneca Nursing Home* at 1328 (10th Cir. 1974), *cert. denied*, 419 U.S. 841, 95 S. Ct. 72, 42 L. Ed. 2d 69 (1974); *Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co.*, 475 F.2d 262 (10th Cir. 1973).  A federal question raised in the counterclaim, answer or petition for removal has been held to be insufficient. *See Gully* at *113, ** 98, ***97-98 (S. Ct. 1936).  *See also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1268 and 1270, 173 L. Ed. 2d 206, 214 and 216, 1009 U.S. LEXIS 1781 at *11 and *15 (2009).

In the current controversy, Plaintiff/Counter-Defendant BNSF filed the original complaint, and did not state a federal question on the face of the complaint.  *See Def.'s Ex.s* 2 & 3 (Doc. 15).  Plaintiff's complaint is based on common law claims of injunctive relief in equity, declaratory judgment under New Mexico statutes, negligence and nuisance.  Third-Party Defendant Dancer argues that the Third Party Complaint, although not specifically stating a federal claim, relies on federal statutes such as the Interstate Commerce Commission Termination Act ("ICCTA").  *See* Doc. 20, pp. 4-5.  This is immaterial because, as stated *supra*, jurisdiction may not be conveyed by federal claims in any pleading other than the complaint. Even if we were taking the Third-Party Complaint as the main complaint, a federal question is not raised and speculation by the parties or court as to whether a federal question might arise or

should arise does not support removal.  *See Vaden* at 1276-1278 (2009).[7]

Third-Party Defendant argues that because the Third-Party Complaint references non-specific federal statutes requiring the acquisition of permits in support of its negligence per se claim that therefore the Third-Party Complaint states a federal controversy on its face, and the entire case should be removed to federal court.  *See Doc. 2 and Third-Party Def.'s Ex. A.*  This is incorrect.  Defendant Mercer's passing reference to federal statutes which the Third-Party Defendant may have violated by failing to obtain permits prior to construction does not implicate a federal question, and most certainly not a substantial federal question.  Third-Party Plaintiff Mercer does not make allegations that the CWA was violated, as Third-Party Defendant Dancer asserts, but simply points to a failure to obtain any permits necessary under state or federal law as evidence of negligence per se on the part of Dancer.  As such, no significant question of federal law is implicated.  In fact, the only two federal statutes or agencies to which Third-Party Complainant Mercer refers are the United States Department of Environmental Protection and the National Pollutant Discharge Elimination Systems (NPDES), and these references are vague. These very brief references to federal regulations were made simply to bolster the argument that Dancer is liable for common law negligence per se claims - the references were not made as part of a claim that federal statutes/laws have been violated. A mere reference to federal regulations for the purposes of asserting or proving negligence does not transform a controversy into a

---

[7]  "Whether one might imagine a federal-question suit . . . is beside the point.  The relevant question is whether the whole controversy between the parties- - not just a piece broken off from that controversy- - is one over which the federal courts would have jurisdiction".  Indeed, unless prescribed by federal statute, it is not appropriate "for federal courts to dream up counterfactuals when actual litigation has defined the parties' controversy . . . : "[i]t does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim *would* arise under federal law."  (emphasis added).

federal question controversy and thus permit removal.  *See McNearney v. U.S. Bankcorp, Inc.*,

2006 U.S. Dist. LEXIS 36479 (E.D. Cal. 2006); *citing Franchise Tax Board* at 27-28 (1983).

   C.  THE EXCEPTION TO THE WELL-PLEADED COMPLAINT RULE:
       COMPLETE PREEMPTION OF STATE JURISDICTION

   There is one rarely applicable exception to the well-pleaded complaint rule: the complete

preemption.  As the Supreme Court has stated, "[a] complaint purporting to rest on state law, we

have recognized, can be recharacterized as one 'arising under' federal law if the law governing

the complaint is *exclusively* federal," thereby making its removal proper on the basis of federal

question jurisdiction. (*emphasis added*).  *Vaden* at 1273 (2009); *citing Beneficial Nat. Bank v.

Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003); *also citing* 14B Wright &

Miller § 3722.1, p 511.12.  Under the complete preemption doctrine, remand ceases to be an

option where the claim gives rise to questions of federal law under a federal statute which "'so

occupies the field that any complaint alleging facts that come within the statute's scope

necessarily 'arises under' federal law . . .  It is not just that a preemption defense is present: the

claim is completely federal from the beginning.'"  *Hunter* at *6; *quoting Hurt v. Dow Chemical*,

963 F.2d 1142, 1144 (8th Cir. 1992).  Under complete preemption, Congress intended for a claim

to be removable even if the complaint stated only state law claims and gave the federal statute

preemptive force so extraordinary that it "'converts an ordinary state common-law complaint

into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Gore v. Trans

World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000); *quoting Caterpillar Inc.* at 393 (S. Ct. 1987);

*see also Hunter* at *8.

   Complete preemption is rare: "'Because of the obvious federalism implications of the

complete-preemption doctrine, its application has been extremely limited by the courts' . . .

18

Consequently, it is a conclusion that courts reach reluctantly." *Allende* at *8 (D. Minn. 2004);
*citing* C.Wright, A. Miller, and E. Cooper, 14B *Federal Practice and Procedure: Jurisdiction* 3d
3722.1, at 517 (1988).

Third-Party Defendant and Plaintiff argue that the ICCTA and CWA so occupy the fields
of environmental protection and railway operation that state law is preempted.  It is true that
Defendant/Counter-Plaintiff Mercer has made vague reference to federal statutes in two
paragraphs of its Third-Party Complaint, *see infra*, however, neither the Complaint, Counter
Complaint or Third-Party Complaint mention the ICCTA or the CWA.  In this case, Plaintiff has
pleaded only state law claims.

Further, the Supreme Court has interpreted complete federal preemption very narrowly,
applying it to only three federal statutes - neither the Clean Water Act ("CWA") and ICCTA are
one of these: "The Supreme Court has recognized complete preemption as to three federal laws:
(1) the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) the Labor
Management Relations Act ("LMRA"); and (3) the National Bank Act."  *Colbert* at *24; *see also*
*US Bank, N.A. v. Mayhew*, 2009 U.S. Dist. LEXIS 68893 at *13 (D. Colo. 2009); *see also El*
*Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 485, 119 S. Ct. 1430, 1438, 143 L. Ed. 2d 635,
646; *see also Ben. Nt'l Bank v. Anderson*, 539 U.S. 1, 10, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1,
10 (2003).

Indeed, *even if* the CWA were at question here, and we do not believe it is, it is not only
*not* a substantial question in the case, but further, federal courts have noted that the language of
the CWA itself indicates that preemption is not intended.  *See In re Exxon Valdez*, 270 F.3d
1215, 1230-31 (9th Cir. 2001); *remanded as to amount of punitive damages, In re Exxon Valdez*,

296 F. Supp. 2d 1071, 1082-1083 (D. Alaska 2004); *cited by Quapaw Tribe of Okla. v. Blue Tee Corp.*, 653 F. Supp. 2d 1166, 1181 (N.D. Okla. 2009).

The ICCTA is not alluded to, let alone specifically referenced, in the main claim, counterclaim, or third-party complaint.  Therefore, this federal question has not been raised.  However, if we look at cases involving the ICCTA we find that it has been interpreted as preemptive only in limited contexts, none of which are applicable to the instant case.  Third-Party Defendant Dancer cites a specific section of the ICCTA, 49 U.S.C. 10501(b), in support of its argument that the ICCTA preempts all state law claims.  *See* Doc. 20, p. 6.  This specific portion of the ICCTA has been found to preclude only those state regulation or laws that would prevent or unreasonably interfere with railroad operations.  *See City of Lincoln v. Lincoln Lumber Co.*, 2006 U.S. Dist. LEXIS 34287 (D. Neb. 2006); *see also Port City Properties v. Alpine Properties LLC*, 518 F.3d 1186 (10th Cir. 2008).  In the current case there are no state regulations or laws at question which would unreasonably interfere with railroad operations - no state statutes regarding railroad crossings, etc., have been noted.  This Court has not found, and Movant has not supplied, any case law that would support preemption by the ICCTA or CWA in this instance.[8, 9]

_____

[8] Further, "the legislative history of the  ICCTA supports the proposition that the focus of the ICCTA and the STB is on economic regulation of rail transportation and not on the regulation of railway safety." *Allende* at *45; *see also City of Sachse Texas* at 657 (E. Dist. Texas 2008) (the ICCTA did not completely preempt state law claims); *see also Allende* at *54 (D. Minn. 2004) ("neither the FRSA nor the ICCTA completely preempt plaintiffs' personal injury negligence claims.")

[9] More than three months after filing its Opposition to Motion to Remand, Third-Party Defendant Dancer filed a Motion to Supplement its opposition.  The Court has denied this Motion to Supplement.  However, in an abundance of caution, this Court has reviewed the proposed supplement for instructive purposes and notes that of the five cases cited, only two are

Again, there is no reference to federal law in the original complaint, and federal law

which arises in other pleadings or as a defense does not confer federal jurisdiction.  As stated

*infra*, the Supreme Court has held that "even an 'obvious' pre-emption defense does not, in most

cases, create removal jurisdiction" - the intent of Congress regarding preemption is the correct

focus of a removal question.  *See Metro. Life v. Taylor,* 481 U.S. 58, 66, 107 S. Ct. 1542, 1548,

95 L. Ed. 2d 55, 65 (1987); *cited by Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir.

1996); *also cited by see also US Bank, N.A. v. Mayhew*, 2009 U.S. Dist. LEXIS 68893 at *13 (D.

Colo. July 17, 2009).  To reiterate, "[c]omplete preemption is rare, and doubtful cases must be

resolved in favor of remand . . . Whether the affirmative defense of preemption applies in this

case is for the state court to decide."  *Hunter* at *17-*18, *citing Visina v. Wedge Cmty. Co-Op,

Inc.*, Civil No. 07-122, 2007 U.S. Dist. LEXIS 73658, 2007 WL 2908043 at *12 (D. Minn.

2007); *also citing Caterpillar, Inc.* at n.13 (1987).

### D.  SEPARATION OF STATE AND FEDERAL CLAIMS - REMAND OF PORTIONS OF A CASE UNDER § 1441(c)

Under 28 U.S.C. § 1441(c), if a portion of the claims presented fall under § 1331 and are

substantial in nature, a federal court *may* (but is not required to) exercise jurisdiction over all

claims.  As we noted in *Archuleta*, where this Court has jurisdiction over part of a claim it may

hear the case as pertains to those issues alone, while remanding other issues to state court.

However, as in past cases, even if any federal questions that might be presented are assumed to

be substantial in nature, this Court is persuaded that legal, equitable and practical considerations

mandate remanding this case in its entirety.  Further, we agree with "other courts in the District

---

federal court cases, and are not from controlling jurisdictions.  None of the state court cases are
from New Mexico.  Furthermore, all of the cases cited are distinguishable.

of New Mexico which have concluded that the federal removal statute does not countenance piecemeal removal of particular claims." *Archuleta* at *4-5; *citing* 28 U.S.C. § 1441(a) (1996); *also citing Flores v. Long*, Civ. 94-731 LH/LFG, slip op. (D.N.M. 1995); *also citing Atwa v. State of New Mexico Highway Department, et al.*, Civ. 95-948 JC/DJS, slip op. (D.N.M. 1995); *also citing Fay et al. v. Davis et al.*, Civ. 95-949 JP/WWD, slip op. (D.N.M. 1995); *also citing Jackson v. Central New Mexico Correctional Facility, et al.*, Civ. 93-1384 PJK/MV/DJS, slip op. (D.N.M. 1996). As we stated in *Archuleta v. Lacuesta*, "the Court finds that remanding this case in its entirety to state court will limit the potential for contradictory results, promote the efficient use of judicial resources, uphold principles of federal abstention, and narrow potential res judicata problems." 1996 U.S. Dist. LEXIS 21751, No. 6:95-CV-1274 at *8 (D.N.M. 1996).[10] As stated by the Supreme Court, "[a]llowing parties to commandeer a federal court to slice off [portions of a controversy] while leaving the remainder of the parties' controversy pending in state court makes scant sense" and would only serve "to disturb the state-court proceedings by carving out issues for separate resolution." *Vaden* at 1267.

VII.  COSTS OF REMOVAL

Plaintiff has requested reimbursement for fees and costs associated with the removal of this case to federal court. Under 1447 (c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In making a determination as to reimbursement, "'[n]o showing of bad faith is necessary to

---

[10]  *See also NCO*, "[t]his discretion to remand [part of the controversy] balances a defendant's interest in a federal forum and the desire to avoid undue expansion of federal jurisdiction . . . Where a third-party defendant removes, however, the balance is upset. If the district court remands the state law claims in such circumstances, the defendant may be subject to inconsistent judgments." 422 F. Supp. 2d 1237, 1242 (D.Co. 2006).

justify the award.  What *is* required to award fees, however, is a showing that the removal was improper *ab initio*.'"  *King v. Ziegler* at 62 (10th Cir. 2005); *quoting Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).  An ultimate determination that removal was improper does not mean that the nonmovant is necessarily entitled to an award of attorneys fees; instead, the standard is whether the removal was "objectively reasonable" at the time of removal. *See Martin v. Franklin Capital Corporation*, 393 F.3d 1143, 1147 2004 U.S. App. LEXIS 27199, **11 (10th Cir. 2004); *citing Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994).

In *Bar J. Sand and Gravel, Inc. v. Western Mobile New Mexico, Inc., et. al.*, the original complaint stated state law claims that required a review of federal statutes to weigh their viability.  However, since the complaint did not state a federal question on its face, the Court found that removal was not objectively reasonable, and awarded fees to the nonremoving party. *See Bar J. Sand and Gravel*, 2005 U.S. Dist. LEXIS 39142 (D.N.M. 2005).  We come to the same conclusion here.  In the current case, we find that it was not objectively reasonable for the Third-Party Defendant to remove to federal court.  It is well established in caselaw that removal requires the consent of all defendants - a very brief attempt to research the issue would have revealed this rule.  Further, as stated above, the complaint did not state a federal claim on its face, and it is well established that removal may not be accomplished on the basis of a counterclaim, let alone a third-party complaint.  If these two issues were not enough, the clear majority view, applied by courts in this Circuit, is that third-party defendants cannot remove.  In addition, a reasonable person at the time of removal would not have imagined that any federal statutes or regulations touched upon were substantial or preempted state law claims.  Taking all

of these factors together, an objectively reasonable party would not have attempted to remove, and therefore awarding costs to the Defendant Mercer is appropriate.

## VIII.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,  **IT IS ORDERED** that the Plaintiff's Motion to Remand (Doc. 15) is **GRANTED** and this action is **REMANDED** to the State of New Mexico County of Socorro Seventh Judicial District Court. The Third-Party Defendant will also pay the just costs and actual expenses, including attorney's fees, incurred as a result of the removal.  This Order does not in any way reflect upon the underlying merits of the case.

**DATED** this 31st day of March, 2010.

_____

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**


**Plaintiff**                                                      represented by **Earl E. DeBrine , Jr.**
**BNSF Railway Company**                          Modrall, Sperling, Roehl, Harris & Sisk, PA
                                                                       P.O. Box 2168
                                                                       Albuquerque , NM 87103-2168
                                                                       505-848-1800
                                                                       Fax: 505-848-1891
                                                                       Email: edebrine@modrall.com
                                                                       *LEAD ATTORNEY TO BE NOTICED*

**Norman L. Gagne**
Butt, Thornton & Baehr
PO Box 3170
Albuquerque , NM 87190
(505) 884-0777
Fax: (505) 889-8870
Email: nlgagne@btblaw.com
*LEAD ATTORNEY TO BE NOTICED*


**Paul T Halajian**
Modrall Sperling Roehl Harris & Sisk PA
PO Box 2168
Albuquerque , NM 87103
(505) 848-1800
Fax: 848-1889
Email: pth@modrall.com
*LEAD ATTORNEY TO BE NOTICED*


**Rodney L. Schlagel**
Butt, Thornton & Baehr
PO Box 3170
Albuquerque , NM 87190
505-884-0777
Fax: 505-889-8870
Email: rlschlagel@btblaw.com
*LEAD ATTORNEY TO BE NOTICED*


**Sean E Garrett**
Butt Thornton & Baehr PC
4101 Indian School Rd. NE
PO Box 3170
Albuquerque , NM 87190
505-884-0777
Fax: 505-889-8870
Email: segarrett@btblaw.com
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**Roy D. Mercer, LLC**

represented by **David C. Chavez**
PO Box 1615
Los Lunas , NM 87031
(505) 865-9696
Fax: 505-865-9699
Email: dcchavezlaw@hotmail.com
LEAD ATTORNEY TO BE NOTICED


**Kenneth R. Wagner**
Wagner Ford Law, P.A.
PO Box 25167
200 Lomas Blvd. NW
Suite 850
Albuquerque , NM 87125-5167
(505) 242-6300
Fax: (505) 242-0790
Email: sheilag@wagnerfordlaw.com
*LEAD ATTORNEY TO BE NOTICED*


**Lisa Pistorio Ford**
Wagner Ford Law, P.A.
Post Office Box 25167
200 Lomas Blvd. NW
Suite 850
Albuquerque , NM 87125
505-242-6300
Fax: 505-242-0790
Email: lford@swcp.com
*LEAD ATTORNEY TO BE NOTICED*


**ThirdParty Defendant**
**Gandy Dancer, LLC**

represented by **Mark J. Riley**
Riley & Shane PA
3880 Osuna Road, NE
Albuquerque , NM 87109
(505) 883-5030
Fax: 883-4362
Email: mriley@rileyandshane.com
*LEAD ATTORNEY TO BE NOTICED*

26